UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:09-cr-571-T-60MAP

JAVIER ENRIQUE
CASTILLO-ROMERO

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "MOTION TO REDUCE SENTENCE PURSUANT TO 18 USC § 3582(C)(1)(A)(I) COMPASSIONATE RELEASE"

This matter is before the Court on Defendant Javier Enrique Castillo-Romero's "Motion to Reduce Sentence Pursuant to 18 USC § 3582(c)(1)(A)(i) Compassionate Release," filed *pro se* on September 18, 2020. (Doc. 365). On September 29, 2020, the Court directed the United States to respond to the motion. (Doc. 367). On October 7, 2020, the Government filed its response. (Doc. 368). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On February 23, 2010, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). On April 7, 2017, Judge Elizabeth A. Kovachevich sentenced Defendant to 168 months imprisonment. Defendant is currently incarcerated at D. Ray James CI in Folkston, Georgia, and is projected to be released on or about November 6, 2021.

Following Defendant's imprisonment, on March 11, 2020, the World Health

Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his age, the spread of Covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the COVID-19 pandemic. Specifically, Defendant claims that because he is 47 years old, he is more susceptible to COVID-19 complications. He also alleges that his children and mother are suffering from the economic consequences of COVID-19, he is subject to deportation, and he has cooperated with the United States. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Although he has exhausted his administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his age or

medical conditions.[1]  Defendant is a 47-year old offender with no known health conditions.  Although the Center for Disease Control acknowledges that the risk of severe complications from COVID-19 increases with age, there is no bright line rule, and the Court agrees with the Government's position that "47 years old is far from elderly advanced age."  Furthermore, Defendant has not alleged or shown any deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover.  Defendant's allegations concerning his family and cooperation provide no basis for compassionate release and are unsubstantiated.  Additionally, the fact that he will ultimately be deported is not a ground for relief.

General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."  *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

efforts to curtail the virus's spread.")

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case.  Specifically, Defendant cannot satisfy his burden of demonstrating that he is not a danger to the community – he was convicted of a very serious drug offense where his role in the conspiracy was to account for the cocaine and ensure that no cocaine was stolen or missing.  In this role, he used firearms to protect the drugs, and when law enforcement approached, threw the firearms overboard.  Considering the 3553 factors, release would not be appropriate here.  Consequently, Defendant's "Motion to Reduce Sentence Pursuant to 18 USC § 3582(c)(1)(A)(i) Compassionate Release" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 22nd day of October, 2020.

*[signature]*

TOM BARBER
UNITED STATES DISTRICT JUDGE