UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:09-cr-571-T-60MAP

JAVIER ENRIQUE
CASTILLO-ROMERO

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

    This matter is before the Court on Defendant Javier Enrique Castillo-Romero's motion to reduce sentence, filed *pro se* on October 30, 2020. (Doc. 372). After reviewing the motion, case file, and the record, the Court finds as follows:

    On February 23, 2010, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). On April 7, 2017, Judge Elizabeth A. Kovachevich sentenced Defendant to 168 months imprisonment. Defendant is currently incarcerated at D. Ray James CI in Folkston, Georgia, and he is projected to be released on or about November 4, 2021.

    In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison. As grounds, Defendant alleges that he provided substantial assistance to the United States, but the Government has declined to file a Rule 35 motion on his behalf.

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief.  *Defendant has previously filed two substantially similar or identical motions seeking the same relief, each of which were denied.  See* (Docs. 349, 358).  For the same reasons discussed in these Orders, which the Court adopts and incorporates, the instant motion to reduce sentence is denied.

Defendant is warned that, when necessary, a court may exercise its inherent judicial authority to sanction an abusive litigant.  *See, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Sindram*, 498 U.S. 177 (1991); *In re McDonald*, 489 U.S. 180 (1989).  The repetitious filing of a frivolous motion is abusive because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *In re McDonald*, 489 U.S. at 184.  If Defendant continues to file substantially similar or identical motions, his persistence may result in sanctions.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of November, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**