UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:09-cr-571-T-60MAP

JAVIER ENRIQUE
CASTILLO-ROMERO

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S "MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(E)"

This matter is before the Court on Defendant Javier Enrique Castillo-Romero's motion to alter or amend judgment, filed *pro se* on November 2, 2020. (Doc. 374). After reviewing the motion, case file, and the record, the Court finds as follows:

On February 23, 2010, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). On April 7, 2017, Judge Elizabeth A. Kovachevich sentenced Defendant to 168 months imprisonment. Defendant is currently incarcerated at D. Ray James CI in Folkston, Georgia, and he is projected to be released on or about November 4, 2021.

In his motion, Defendant requests that the Court alter or amend his judgment to release him from federal prison. As grounds, Defendant alleges that he "was only taking orders from his employer," and that he provided the Government with information that led to the arrest and conviction of his co-defendant. Defendant

appears to argue that his co-defendant received the same sentence although his co-defendant tried to flee. Defendant believes that because he cooperated with the Government, he should have received a lesser sentence than his co-defendant.

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Initially, the Court notes that Federal Rule of Civil Procedure 59(e) is inapplicable to this criminal case and provides no basis to alter or amend his judgment and sentence. Although Defendant also cites to 18 U.S.C. § 3582(c)(1)(A), he does not allege that he exhausted his administrative remedies or provide any documentation to show that he exhausted his remedies. As such, the Court does not have the authority to consider his compassionate release request. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (concluding that the district court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A)" and noting that a majority of the district courts addressing this issue have reached the same conclusion).

However, even if the Court could consider Defendant's request, he has failed to provide any extraordinary and compelling circumstances that would warrant relief. The fact that he received the same sentence as a co-defendant does not present extraordinary and compelling circumstances that would warrant a reduction in his sentence. His guilty plea was knowing, intelligent, and voluntary. The Government evaluated his information and declined to file a Rule 35 motion, and Defendant has not alleged or proven that the Government acted with an unconstitutional motive in not filing a Rule 35 motion. Defendant merely continues to file substantially similar

motions seeking to reduce his sentence based on his perceived cooperation with the Government. No relief is warranted.

Defendant is warned that, when necessary, a court may exercise its inherent judicial authority to sanction an abusive litigant. *See, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Sindram*, 498 U.S. 177 (1991); *In re McDonald*, 489 U.S. 180 (1989). The repetitious filing of a frivolous motion is abusive because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. at 184. If Defendant continues to file substantially similar or identical motions, his persistence may result in sanctions.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 4th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**